**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **HUEY KELLY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | § § § § § § § § § | **FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)** |
| **VS.** | § § § | **CIVIL ACTION NO. _____ JURY DEMANDED** |
| **PACKERS SANITATION SERVICES, INC., LTD.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, Packers Sanitation Services Inc., Ltd. (Hereinafter "Packers Sanitation Services") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.     Plaintiff, Huey Kelly ("Kelly"), is a resident of Lufkin, Angelina County, Texas. The Plaintiff brings this action individually in his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages.  Defendant, Packers Sanitation Services, is an Ohio limited partnership doing business in the Eastern District of Texas with its principal place of business at 8679 Freeway Drive, Macedonia, Ohio 44056-1535.  Defendant may be served by delivering a copy of this petition to its registered agent for service, National Registered Agents, Inc. 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## JURISDICTION AND VENUE

3.     This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation at the Pilgrims Pride chicken processing plant in Lufkin, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case.  *See* 29 U.S.C. 201, et seq.

## FACTS

4.     Plaintiff began his employment for Packers Sanitation Services in 2012 at the Pilgrims Pride facility located at 1710 W Frank Ave, Lufkin, TX 75904.  His job at Packers Sanitation Services was as a lead worker on the sanitation shift at the Pilgrims Pride chicken processing plant. Plaintiff worked six days per week and between 60 and 70 hours per week. The work he did for Packers Sanitation Services was not exempt as defined under 29 CFR part 451.  The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

5. Plaintiff's job required that he put on or "don" protective clothing and/or equipment ("PPE") in preparation for the performance of his principal activities as a sanitation worker. The use of these items of PPE and the donning of such items of PPE are and were an integral and indispensable part of Plaintiff's principal activities as a sanitation worker. At the end of his shift, Plaintiff was required to take off or "doff" the same PPE. The evidence at trial will show that Plaintiff was not compensated for the time spent in "donning" and "doffing" the protective clothing mentioned above.

6. The shift for sanitation crews for Defendant began at 11:45 p.m. However, Plaintiff and his co-workers reported to work 30 to 45 minutes prior to their paid time. Frequently during Plaintiff's shifts, his crew would be required to clock out while in the plant because they were required to wait on the chicken processing operation to shut down. Many times, the waiting time for which Plaintiff and his co-workers were required to clock out for waiting time would amount to three hours of uncompensated time in a single shift. The time records of Plaintiff and his co-workers will reflect the uncompensated wait time because they were required to clock out during their shift.

7. Plaintiff made several complaints to his supervisor, Marcel, regarding the uncompensated wait time. Plaintiff also complained to Paul Pinkston and Blake Kieler over the phone regarding the uncompensated wait time a couple of days before his termination.

8. Plaintiff believes and, therefore, allege that the failure of Packers Sanitation Services to pay Plaintiff and all those similarly situated for overtime pay was intentional.

**FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT
UNPAID OVERTIME**

9. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder

govern the activities of the pay practices of employers involved in commerce.  Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations.  Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

10. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Kelly brings this action in his individual capacity and as a collective action.  Kelly seeks this court's appointment and\or designation as representative of a class of similarly situated employees of Packers Sanitation Services who were not paid for all overtime hours worked as described herein.  On information and belief, there are numerous safety supervisors who were not paid for all overtime hours worked for Packers Sanitation Services as described herein.  The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Packers Sanitation Services' safety supervisors

11. Kelly specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION – FAIR LABOR STANDARDS ACT RETALIATORY TERMINATION

12.  Plaintiff Huey Kelly reincorporates and re-alleges paragraph 7 of this Complaint as if fully set forth herein.

13. Defendant unlawfully retaliated against Kelly in violation of the FLSA, 29 U.S.C. § 215(a)(3) by terminating his employment.

14. For these violations, Kelly is entitled to recover his lost wages and an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

## JURY DEMAND

15. Plaintiff, individually and as a representative of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified and that the Plaintiff and each member of the class recover from Packers Sanitation Services the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Damages for Kelly's retaliatory termination;
6. Court costs;
7. Attorneys' fees; and
8. Such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF